## KENAN, Ex'x, v. CARR.

1. In declaring in *sci. fa.* against bail, it is no ground of objection to the proceedings that the writ vouches the record for the affidavit to warrant the *ca. sa.*, and the *ca. sa.*, but the declaration contains an averment that these papers had been lost since the writ was issued.
2. Under the practice in this State, it is unnecessary to set out in a *sci. fa.* against bail, either that the principal appeared to the action against him, or to show in the declaration the return on the *sci. fa.*
3. Mere irregularities in the issuance of the *ca. sa.*; as that there was not fifteen days between its teste and return, or that it did not remain in the sheriff's office a number of days, cannot be urged as a defence by bail.
4. It is competent on the plea of *nul tiel record* for the plaintiff in *sci. fa.* against bail, to prove that the affidavit to warrant the process, 'as well as the writ, have been lost, and to show their contents by parol evidence.
5. An affidavit setting out the principal and interest due upon a judgment in one sum, is sufficient to warrant the issuance of a *ca. sa.*
6. In this State, judgments bear interest, and therefore the bail is liable to the same extent as the principal, unless the payment of the sum sworn to, creates an exception, and it is proper to give judgment against bail for the judgment, interest and costs.

Writ of Error to the Circuit Court of Dallas.

SCIRE FACIAS by Carr on a bail bond against T. R. Kenan, one of the obligors.

The *sci. fa.* recites, that on the 7th February, 1838, the plaintiff, Carr, made affidavit before a justice of the peace, that one Sheppard was justly indebted to him in the sum of $111 25, by account, and that he did not require bail for the purpose of vexing or harrassing the said Sheppard; after which, on the same day, the plaintiff sued out a *capias ad respondendum* returnable to the then next term of the circuit court of Dallas county, against said Sheppard to answer to the plaintiff of a plea of trespass on the case, &c., and that at the same time Beene & Fambro, acknowledged themselves security for costs in said suit, by writing under their hands and seals. Whereupon the clerk of said court indorsed said

*ca. ad res.* requiring the sheriff to hold the said Sheppard to bail in the sum before mentioned. The return of the sheriff that he, by virtue of the writ, had arrested the defendant, and took bond according to the requisitions of the statute, is also recited, and the bond is set out at length, as well as its assignment by the sheriff to the plaintiff. The *sci. fa.* recites also the judgment obtained by the plaintiff against Sheppard, for the sum of $135 72, besides costs, and a *ca. sa.* thereon issued the 8th day of November, 1839, which is returned *non est inventus.* Afterwards, on the 20th October, 1841, the plaintiff made affidavit that Sheppard was indebted to him by judgment, to the amount of $150 25, and had monies liable to satisfy his debts, which he fraudulently withheld from the payment of said debt. And thereupon, on the same day, sued out an *alias ca. sa.* which the sheriff returned *non est.* The *sci. fa.* concludes by averring a breach of the condition of the bond, and prays a judgment against Kenan for the debt and damages.

Upon the return of the *sci. fa.* the plaintiff filed a declaration substantially the same as the *sci. fa.* previously recited, but instead of vouching the record, the declaration asserts that the affidavit and *ca. sa.* with its return, had been lost since the issuing of the writ, and could not then be produced to the court.

Kenan died pending the suit, and his executrix was made a party. She demurred to the *sci. fa.* but her demurrer, on motion, was stricken out, on the ground she should have pleaded to the declaration. After this she demurred to that and her demurrer being overruled, then pleaded as follows, to wit: 1. That there is no such record remaining in the office of the clerk of the circuit court of Dallas, as is by the *sci. fa.* and declaration described. 2. *Actio non,* because the plaintiff did not, before the issuance of the *ca. sa.* make oath, &c. as required by the act abolishing imprisonment for debt. 3. That the *ca. sa.* was not issued and placed in the hands of the sheriff in sufficient time to be by him, with the use of due diligence, executed and returned according to its mandate. 4. That no *ca. sa.* issued on said judgment, within a year and a day from its rendition. 5. That the *ca. sa.* did not remain in the office of the sheriff for fifteen

days to be executed.    6. That no *ca. sa.* was on the judgment.    7. That the *ca. sa.* last mentioned in the *sci. fa.* and pleadings, did not go into the sheriff's hands.

The plaintiff replied to the first plea, that there was such a record as described, except such parts as stated in the declaration to be lost, and so not capable of being produced.   He demurred to the 3d, 4th and 5th pleas, and joined issue on the 2d, 6th and 7th.    The defendant joined issue on the replication to the first plea, and the record being inspected by the court, this issue was determined by the court for the plaintiff.

At the trial, the plaintiff proved by the clerk of the court, and another witness, that the affidavit on which the *ca. sa.* issued was lost; the same proof was made of the loss of the *ca. sa.* and the plaintiff then proposed to prove the contents of the affidavit.    This was resisted by the defendant, but allowed by the court.    The same proof was offered in relation to the *ca. sa.* and was resisted and allowed in the same manner.

The *ca. sa.* recited in the *sci. fa.* and declaration, does not describe any sum as the costs, and the clerk was allowed to show the *ca. sa.* as set out was correct in every particular, except as to the matter of cost, and in that particular the *sci. fa.* varied from the writ, the costs being stated therein at a particular sum, which was not found in the *ca. sa.* but was found in the declaration.    The defendant objected to the evidence, but it was allowed.    On this point of the case, the defendant requested the court to charge, that if the *ca. sa.* varied from that set forth in the *sci. fa.* as above stated, the plaintiff could not recover.    This was refused.

It also appeared, that in the affidavit made by the plaintiff's agent for the purpose of sueing out the last *ca. sa.* the sum sworn to as due by the judgment was different from and exceeded that for which the judgment was given by a sum equal to the interest upon the judgment to the time the affidavit was made.    For this reason the defendant proposed the affidavit should be rejected, but the court refused to exclude it, and also refused to charge the parts of the record alledged to be lost could not be supplied by parol evidence of the contents.

No proof whatever was offered of the *fi. fa.* set out in the *sci. fa.* as issued previously to first *ca. sa.* [This writ is, as stated, set out in the *sci. fa.* but no mention is made of it in the declaration.] The defendant requested the court to charge, that unless such *fi. fa.* had ‚issued, the plaintiff could not recover. This was refused.

Previous to the charges given by the court, as well as before the request to give the charge refused, the defendant prayed the judgment of the court on the issue of the plea of *nul tiel record,* but the court refused to give jugment, or decide on said issue at that time, but after the finding of the jury, decided the same for the plaintiff. The defendant excepted to the several rulings of the court, in all the particulars before mentioned, and the entire record is opened by the assignment of errors.

G. R. EVANS for the plaintiff in error, insisted—

1. The plaintiff having selected *sci. fa.* as his remedy, was bound to adhere to that, and was not entitled to eke out, or amend the defects in that writ by a declaration. A *sci. fa.* is not amendable, (Selton Prac. 64,) and is in the nature of a new action, and therefore may be pleaded or demurred to. [6 Bac. Ab. 125; Ib. 102, title Bail, D.] The declaration and *sci. fa.* are each defective in not setting out the appearance of the defendant at the return of the writ, and the sheriff's return on the *sci. fa.* [Petersdorf on Bail, 362.]

2. The pleas demurred to and overruled present various irregularities for which the defendant would be entitled to set aside the *ca. sa.* ·[Ib. 354, 356; Dig. § 1; Thomas v. Young, 15 East, 617.] And according to the modern practice, these are available to the bail.

3. The affidavit and *ca. sa.* being parts of the record, cannot be supplied by parol evidence, but if they can be thus supplied, the execution docket required to be kept by the clerk was the best evidence. [Dig. 140, § 8, 9; Greenl. Ev. § 509; Cowen & Hill's Notes, 1037, 1074.]

4. The affidavit however was not sufficient to warrant the *ca. sa.* as it does not correctly describe the judgment. The utmost strictness is required in pursuing the statute to war-

rant an arrest. [Taylor v. Forbes, 11 East, 318; 8 Ib. 106; 7 Ib. 194; Dig. 70, § 8.]

5. No judgment can be rendered on *sci. fa.* for costs or damages, and if such are given it is error. [6 Bac. Ab. 125; Barlow v. Evans, 2 Willes, 98 ; Petersdorf on Bail, 386, 351, 302; Doug. 316; 1 Salk. 208.]

EDWARDS and HUNTER, contra, argued—

1. That the plaintiff, if he will, may declare in *sci. fa.* and thus cure defects in that process. [3 S. & P. 220; 4 Porter, 433.]

2. None of the matters in the pleas overruled constitute a defence to the bail, as the law does not expect or require the sheriff to execute the *ca sa.* [2 Sellon, 46 ; Burrow's Rep. 1360; Reese v. White, 2 Ala. Rep. 306.] Nor are any of the matters, if true, irregularities of which the bail is entitled to claim advantage. [2 Sellon, 46 ; Lord Raym. 1096; 4 Ala. Rep. 32, and cases there cited.]

3. When records of court are lost, this may be shown by parol proof. [Greenleaf's Ev. 553 ; Cowen & Hill's Notes, 1067.]

4. The affidavit specifies the sum due on the judgment at the time of making oath, and the statute does not warrant the idea that the judgment must be described precisely.

5. The usual practice in this State in *sci. fa.* is to render judgment for the sum due the plaintiff on the judgment, and there is nothing in reason to warrant a recovery for less.

GOLDTHWAITE, J.—1. In the view we take of this case, it is not important to decide that the plaintiff in a *sci. fa.* may cure defects in the writ by filing a correct declaration, though such a course is intimated as free from objection in Toulmin v. Bennett, 3 S. & P. 220, and it is certain that in the King's Bench, an amendment of the *sci. fa.* by the record may be made, though the practice is said to be otherwise in the Common Pleas. [Tidd's Prac. 1123.] The objection is, that the declaration varies from the writ in stating the loss of the affidavit, and *ca. sa.* after the writ was issued and in which the record is vouched,. If the loss of these papers can be established in this suit—a point we shall hereafter

consider—the objection ceases to be material, as the party might recover on the writ as it stands.

The cases cited show that the party may declare, if he will, and when a part of the record is lost after the writ is issued, there seems no sufficient reason why the loss, if material to be averred, should not be so stated in the declaration.

2. But it is said that neither the writ or declaration contain any averment of the appearance of the debtor to the suit commenced against him. If such an averment is necessary in the English courts, at this day, it grows out of the fact, that until the party himself appears, or an appearance is entered for him by the plaintiff, the court will not proceed. Our practice is entirely different, as with us no appearance is necessary when the writ is served, and the giving of bail is an estoppel to the defendant to say that it was not. Without attempting to answer the minor objections to the form of the *sci. fa.* and declaration, we shall content ourselves with the observation that we have critically examined it, and can perceive no objections to warrant a demurrer.

3. The third plea overruled on demurrer is supposed by the plaintiff in error to present the question, that it was issued returnable to an improper term, as there were not fifteen days between the teste and return day. The writ issued on the 20th October, 1841, and is returnable to a court to be held the fifth Monday after the fourth Monday of September, so it may be conceded there is not fifteen days in which the sheriff could act. It is true, the statute directs, that if there is not fifteen days between the time when a writ of execution issues and the next succeeding term, it shall be made returnable to next term subsequent to that. [Dig. 199, § 1.] But the most that can be claimed against a writ returnable to the one term instead of the other, is, that it is irregular, and it has been well settled, that bail cannot take advantage of mere irregularities. [Lord Raymond, 1096; Petersdorf on Bail, 366.] The distinction between matters which are prerequisite to requiring bail, or charging them, and mere irregularity in the process, are entirely different matters. In the absence of the one, there is no right to demand the bail, and therefore when taken or sought to be charged, they cannot be held bound, but on the other, when legally taken, there is no

reason why they should avail themselves of a mere irregularity. The same reason is decisive to show the other pleas overruled are also bad. See also in this connection Campbell v. Cumming, 2 Burr. 1187 ; Cherry v. Powell, 1 D. & R. 50.

4. With respect to the proof that the affidavit and *ca. sa.* were lost, it may admit of question whether these papers are any part of what is technically called *the record*. But waiving this inquiry, we are clear the evidence of loss, as between these parties, was properly admitted. There seems to have been formerly, even if there is not at the present day, a doubt whether a recent record could be established by showing its loss or destruction and afterwards proving its contents. [Phil. on Ev. 386.] But the current of decision in modern times seems to be, that the loss of records may be established in the same manner as other documents. [Greenl. Ev. § 509, and cases there cited ; Cowen & Hill's Notes, 1066, 1067.] Perhaps it will be ascertained, that the distinction is between the parties to the records, these must be established by a direct application to the proper court for that purpose, while, as between strangers, or when the records come collaterally in question, their loss may be proved, and secondary evidence admitted. However this may be, the rule, in its qualified sense, is all that requires now to be ascertained, and under that we think the evidence was properly admitted. With respect to the supposition that the execution docket was better evidence, it may be answered, that the case does not show there was such a docket, but independent of this reason, the full proof of the contents was certainly more satisfactory than a mere abstract could be.

5. The affidavit on which the *ca. sa.* was issued, seems to be a substantial compliance with the terms of the act. The party is required to swear to the amount of the debt, and although this would sufficiently appear if the judgment was recited, yet there is nothing to require it to be so. When therefore, the party includes the interest due, as well as the principal sum, it seems to us that he is legitimately entitled to sue out his process under the act. [Dig. 70, § 2.]

6. In the English courts, there seems to be a want of har-

mony in the decisions, as to the extent of the liability of bail
—the common pleas holding them liable for the whole extent
of the recovery against the principal, whilst the King's bench
will enter an *exoneretur* on payment of the sum sworn to,
and costs, and the latter is the rule also in the exchequer
court. In all, it seems to be common that no damages are
allowed for the delay of payment. [Petersdorf on Bail, 351,
386.] The reason for the refusal of damages probably has
its source in the fact, that by the common law no interest
was allowable when judgments were collected by execution,
but it is evident, if this is so, that the rule ceased as soon as
the statutes passed allowing interest. Whatever may be the
origin of the rule, with us the bail has always been consider-
ed liable to the same extent as the principal, unless indeed,
payment of the sum sworn to may warrant the discharge of
the bail. We think there is no question, that in all cases
where the principal is liable for interest, the bail are so like-
wise, and also for the costs of the *sci. fa.*

This closes the examination of the points raised at the bar,
and it is only necessary to add our conclusion, that the judg-
ment is affirmed.